# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MENA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AVA MIRZAEI D/B/A TEUSCHER SWISS CHOCOLATES & CAFE; POOLE PROPERTIES, INC.; and DOES 1 to 10,<br><br>　　　　　　Defendants. | Case No. 2:24-cv-02789-SPG (JPRx)<br><br>**ORDER DECLINING SUPPLEMENTAL JURISDICTION** |

　　　　The Complaint filed in this action asserts a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA") and one or more "construction-related accessibility claims" under California law, including a claim for damages pursuant to California's Unruh Civil Rights Act. *See* Cal. Civ. Code 51-53. Because the Court possesses only supplemental jurisdiction over any claims under the Unruh Act and state law and, in light of California's statutory efforts to curtail such claims, the Court ordered Plaintiff to show cause in writing why the Court should exercise supplemental jurisdiction over the Unruh Act and any other state law claims asserted in the Complaint. *See* 28 U.S.C. § 1367(c). The Court has considered Plaintiff's Response to the

Court's Order to Show Cause ("OSC"), including the declarations attached thereto in which both Plaintiff and Plaintiff's counsel acknowledge they likely qualify as high-frequency litigants. *See* (ECF Nos. 12-1, 12-2). For the following reasons, the Court DECLINES to exercise supplemental jurisdiction.

## I. ADA AND UNRUH ACT CLAIMS

The ADA prohibits discrimination based on "disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Under the ADA, "damages are not recoverable . . . only injunctive relief is available." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (citing 42 U.S.C. § 12188(a)(1)).

The Unruh Act provides: "All persons within the jurisdiction of [California] are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). The Unruh Act also provides that a violation of the ADA constitutes a violation of section 51 of the Unruh Act. Cal. Civ. Code § 51(f). Unlike the ADA, the Unruh Act allows for recovery of monetary damages. A plaintiff may recover actual damages for each offense "up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)." Cal. Civ. Code § 52(a). "The litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007).

## II. CALIFORNIA'S LIMITATIONS ON THE FILING OF CONSTRUCTION-RELATED ACCESSIBILITY CLAIMS

In 2012, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act to deter baseless claims and vexatious litigation. These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law defines as "any civil claim

in a civil action with respect to a place of public accommodation, including but not limited to, a claim brought under [California Civil Code] Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1). California's heightened pleading standard for construction-related accessibility claims requires a plaintiff to include specific facts concerning the plaintiff's claim, including the specific barriers encountered; how the plaintiff was deterred; and each date on which the plaintiff encountered each barrier or was deterred. *See* Cal. Civ. Proc. Code § 425.50(a). California law requires plaintiffs to verify their complaints alleging construction-related accessibility claims. *See* Cal. Civ. Proc. Code § 425.50(b)(1). An unverified complaint alleging construction-related accessibility claims may be stricken. *Id.*

When California continued to experience large numbers of these actions, California imposed additional limitations on "high-frequency litigants." These additional restrictions became effective on October 15, 2015. Under California law, a "high-frequency litigant" is defined as: "A plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation." Cal. Civ. Proc. Code § 425.55(b)(1). The definition of high-frequency litigant also extends to attorneys. *See* Cal. Civ. Proc. Code § 425.55(b)(2). In support of its newly added requirements on high-frequency litigants, the California Legislature found and declared:

> According to information from the California Commission on Disability Access, more than one-half, or 54 percent, of all construction-related accessibility complaints filed between 2012 and 2014 were filed by two law firms. Forty-six percent of all complaints were filed by a total of 14 parties. Therefore, a very small number of plaintiffs have filed a disproportionately large number of the construction-related accessibility claims in the state, from 70 to 300 lawsuits each year. Moreover, these lawsuits are frequently filed against small businesses on the basis of boilerplate complaints, apparently seeking quick cash settlements rather than correction of the accessibility violation. This practice unfairly taints the reputation of other

innocent disabled consumers who are merely trying to go about their daily lives accessing public accommodations as they are entitled to have full and equal access under the state's Unruh Civil Rights Act (Section 51 of the Civil Code) and the federal Americans with Disability Act of 1990 (Public Law 101-336).

Cal. Civ. Proc. Code § 425.55(a)(2).

In response to these "special and unique circumstances," Cal. Civ. Proc. Code § 425.55(3), California imposed a "high-frequency litigant fee" requiring such litigants to pay a $1,000 filing fee at the time of filing the initial complaint in addition to the standard filing fees. Cal. Gov't Code § 70616.5. California law also requires complaints filed by high-frequency litigants to allege certain additional facts, including whether the action is filed by, or on behalf of, a high-frequency litigant; the number of construction-related accessibility claims filed by the high-frequency litigant in the preceding 12 months; the high-frequency litigant plaintiff's reason for being in the geographic area of the defendant's business; and the reason why the high-frequency litigant plaintiff desired to access the defendant's business. *See* Cal. Civ. Proc. Code § 425.50(a)(4)(A).

## III. SUPPLEMENTAL JURISDICTION

In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Even if supplemental jurisdiction exists, district courts have discretion to decline to exercise supplemental jurisdiction over a claim if:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

-4-

28 U.S.C. § 1367(c). The Supreme Court has described 28 U.S.C. § 1367(c) as a "codification" of the principles of "'economy, convenience, fairness, and comity'" that underlie the Supreme Court's earlier jurisprudence concerning pendent jurisdiction. *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them.").

District courts may decline to exercise jurisdiction over supplemental state law claims "[d]epending on a host of factors," including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chi.*, 522 U.S. at 173. The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *Id.* (quoting *Cohill*, 484 U.S. at 350). Federal-state comity is best served by a district court deciding whether to decline supplemental jurisdiction at the onset of the case. *See Arroyo v. Rosas*, 19 F.4th 1202 (9th Cir. 2021).

A district court's decision to decline supplemental jurisdiction entails a two-part inquiry: (1) "the district court must articulate why the circumstances of the case are exceptional within the meaning of § 1367(c)(4)," and (2) the court should consider "whether the balance of the *Gibbs* values provides compelling reasons for declining jurisdiction in such circumstances." *Arroyo*, 14 F.4th at 1210-11 (citations omitted). According to the Ninth Circuit, these two inquiries are "not particularly burdensome." *Id.* (citation omitted).

## IV. THE COURT DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S CONSTRUCTION-RELATED ACCESSIBILITY CLAIMS

Because California's heightened pleading standards and increased filing fees do not apply in federal court, plaintiffs may attempt to circumvent the restrictions California has imposed on Unruh Act and other claims alleging construction-related accessibility claims simply by relying on § 1367(a)'s grant of supplemental jurisdiction to file their Unruh Act claims in federal court. The number of construction-related accessibility claims filed in the Central District has skyrocketed both numerically and as a percentage of total civil filings since California began its efforts to curtail the filing of such actions. According to statistics compiled by the Clerk's Office, in 2013, the first year in which California's initial limitations on such cases were in effect, there were 419 ADA cases filed in the Central District, which constituted 3% of the civil actions filed. The number of filings of such cases increased from 928 cases (7% of civil cases) in 2014, the year before the imposition of the additional $1,000 filing fee and additional pleading requirements for high-frequency litigants, to 1,386 cases (10% of civil cases) in 2016, the first full year of those requirements. The number and percentage of such cases filed in the Central District has increased in each year since California acted to limit the filings by high-frequency litigants, reaching 1,670 cases (12% of civil cases) in 2017; 1,670 cases (18% of civil cases) in 2018; 3,595 cases (24% of civil cases) in 2019; and approximately 4,570 cases (27% of civil cases) in 2020. In 2021, despite COVID-19 greatly slowing down the number of filings to the Central District, the Court nevertheless received 3,000 ADA case filings (21%).

By enacting restrictions on the filing of construction-related accessibility claims, California has expressed a desire to limit the financial burden California's businesses may face for claims for damages under the Unruh Act and other state law theories. By filing these actions in federal court, plaintiff has evaded these limits and sought a forum in which plaintiff can claim these state law damages in a manner inconsistent with the state law's requirements. *See Arroyo*, 19 F.4th at 1211 ("[T]he recent confluence of several

California-law rules have combined to create a highly unusual systemic impact on ADA-based Unruh Act cases that clearly threatens to have a significant adverse impact on federal-state comity."). This situation, and the burden the ever-increasing number of such cases poses to the federal courts, presents "exceptional circumstances" and "compelling reasons" that justify the Court's discretion to decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act and any other state law claims in this action under 28 U.S.C. § 1367(c)(4). *See id.* at 1212 ("These circumstances are 'exceptional' in any meaningful sense of the term.").

Declining to exercise supplemental jurisdiction over Plaintiff's Unruh Act and any other construction-related accessibility claim in these circumstances supports the values of judicial economy, convenience, fairness, and comity:

> Here, we are presented with a converse comity concern —namely, that retention of supplemental jurisdiction over ADA-based Unruh Act claims threatens to substantially thwart California's carefully crafted reforms in this area and to deprive the state courts of their critical role in effectuating the policies underlying those reforms.

*Id.* at 1213; *see also Gibbs*, 383 U.S. at 726. Although some plaintiffs have argued that they file in federal court not to evade California's restrictions, but because of the quality of the judges, the ease of the ECF system for filing, and the prevalence of federal ADA decisional authority, the Court finds that such arguments are unpersuasive and belied by the recent nature of the dramatic increase in the filing of such cases in federal court. In any event, the Court "attach[es] no weight" to a plaintiff's "subjective motivation for preferring a federal forum over a state forum." *Arroyo*, 19 F.4th at 1216 n.8. "Rather, the focus is on whether the *consequences* of either retaining or declining supplemental jurisdiction in a given case will promote the values of economy, convenience, fairness, and comity." *Id.* (citation omitted). For the reasons explained above, declining supplemental jurisdiction in this case does exactly that.

The Court therefore concludes that "exceptional circumstances" and "compelling reasons" support the Court's decision to decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim under 28 U.S.C. § 1367(c)(4). In reaching this conclusion, the Court notes that a significant number of judges both within the Central District of California and elsewhere have similarly declined to exercise supplemental jurisdiction over construction-related accessibility claims asserted under state law. *See, e.g.*, *Price*, 2021 WL 6618871, at *18 (Phillips, J.); *Langer v. Easton*, CV 19-8562 PSG (ADSx) (C.D. Cal. Nov. 7, 2019) (Gutierrez, J.); *Zatian v. Triple M Props.*, SACV 19-1951 JLS (DFMx) (C.D. Cal. Nov. 21, 2019) (Staton, J.); *Whitaker v. Gomez*, CV 19-8378 RSWL (MRWx) (C.D. Cal. Feb. 10, 2020) (Lew, J.); *Garcia v. Dilbiyan*, CV 20-1389 CJC (JCx) (C.D. Cal. Feb. 25, 2020) (Carney, J.); *Garcia v. Khalil*, CV 20-1280 ODW (PVCx) (C.D. Cal. Mar. 2, 2020) (Wright, J.); *Garcia v. Ross Stores, Inc.*, CV 20-1392 RGK (JPRx) (C.D. Cal. Mar. 13, 2020) (Klausner, J.); *Fernandez v. McAuley*, CV 20-1279 MWF (GJSx) (C.D. Cal. Mar. 30, 2020) (Fitzgerald, J.); *Garcia v. Thomas*, CV 20-684 VAP (PLAx) (C.D. Cal. May 7, 2020) (Phillips, J.); *Whitaker v. 7707 Sunset, Inc.*, CV 20-1149 DMG (AGRx) (C.D. Cal. May 26, 2020) (Gee, J.); *see also Reyes v. Snoozetown, LLC*, CV 3:18-498 H (JLB), 2018 WL 3438753 (S.D. Cal. July 16, 2018) (Huff, J.); *Schutza v. Lamden*, CV 3:17-2562 L (JLB), 2018 WL 4385377 (S.D. Cal. Sept. 14, 2018) (Lorenz, J.); *Rutherford v. Ara Lebanese Grill*, CV 18-1497 AJB (WVG), 2019 WL 1057919 (S.D. Cal. Mar. 6, 2019) (Battaglia, J.); *Schutza v. Alessio Leasing, Inc.*, CV 18-2154 LAB (AGS), 2019 WL 1546950 (S.D. Cal. Apr. 8, 2019) (Burns, J.); *Reyes v. Flourshings Plus, Inc.*, CV 19-261 JM (WVG), 2019 WL 1958284 (S.D. Cal. May 2, 2019) (Miller, J.); *Velez v. Cloghan Concepts, LLC*, CV 3:18-1901 BTM (BGS), 2019 WL 2423145 (S.D. Cal. June 10, 2019) (Moskowitz, J.); *Langer v. Petras*, CV 19-1408 CAB (BGS), 2019 WL 3459107 (S.D. Cal. July 31, 2019) (Bencivengo, J.).

Exercising the Court's discretion to decline supplemental jurisdiction does not deprive Plaintiff of any remedies. Nor does it allow an ADA claim for injunctive relief to go unaddressed. The ADA claim remains pending in this Court. That the ADA contains

an anti-preemption clause does not indicate, as some plaintiffs' counsel suggest, that Congress intended for federal courts to provide a forum allowing plaintiffs to evade state law restrictions on state law claims. *See* 42 U.S.C. § 12201(b). Whatever inefficiencies are created by the Court's decision to decline to exercise supplemental jurisdiction are problems created by Plaintiff's filing of this action in federal court rather than in a state court. The Court additionally notes that if Plaintiff legitimately seeks to litigate this action in a single forum, Plaintiff may dismiss this action and refile it in a state court in accordance with the requirements California has imposed on such actions. By declining to exercise supplemental jurisdiction, the Court is merely restoring the balance Congress struck when it enacted the ADA and provided a private right of action for injunctive relief and an award of attorneys' fees but did not allow for the recovery of statutory damages. Finally, given the early posture of this case and the fact that the Court has not yet decided the merits of Plaintiff's claims, declining to exercise supplemental jurisdiction and remanding the Unruh Act claim will not burden the state courts. *Cf. Arroyo*, 19 F.4th at 1215-16 (reversing a district court's decline of supplemental jurisdiction because the court had already granted summary judgment).

//
//
//
//
//
//
//

## V. CONCLUSION

For the foregoing reasons, the Court, in its discretion, declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act and any other construction-related accessibility claim. The Court therefore dismisses any such claims without prejudice. *See* 28 U.S.C. 1367(c)(4).

1
2        IT IS SO ORDERED.
3
4    DATED:  April 19, 2024
5    
                                        HON. SHERILYN PEACE GARNETT
                                        UNITED STATES DISTRICT JUDGE